UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD MCENTIRE and MARY MCENTIRE | : : : |
| Plaintiffs, | : CASE NO. 2:24-cv-5992 |
| vs. | : : |
| WALMART SUPERCENTER #2252 and WALMART INC. | : : : |
| Defendants | : : : : |

**DEFENDANTS, WALMART SUPERCENTER #2252 AND WALMART, INC.'S MOTION FOR SUMMARY JUDGMENT**

**AND NOW**, this 10th day of June, 2025, come the Defendants, Walmart Supercenter #2252 and Walmart, Inc. (hereinafter and collectively, "Walmart") by and through counsel James J. Green, Esquire, Harrison N. Hagelgans, Esquire, and the law firm of BBC Law, LLP and hereby file the instant Motion for Summary Judgment and, in support thereof, aver as follows:

1. On October 24, 2024, Plaintiffs, Harold and Mary McEntire filed their Complaint in the Philadelphia County Court of Common Pleas. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

1. On November 8, 2024, Walmart timely filed a Notice of Removal to Federal Court. See ECF No. 1.

2. In their Complaint, Plaintiffs set forth claims for negligence and loss of consortium on behalf of Mary McEntire. See Exhibit "A".

1

3.      Plaintiffs allege that, on February 6, 2024, at an unspecified time, Plaintiff Harold McEntire ("Husband Plaintiff") entered the Walmart premises located at 3722 Nazareth Road, Nazareth, Pennsylvania 18045 ("Walmart Store"), and encountered an unsafe, dangerous, and/or hazardous condition consisting of stacked vacuum cleaners on a product display. See Exhibit "A".

4.      Plaintiffs allege that, as a result of the allegedly unsafe, dangerous, and/or hazardous condition, Plaintiff was caused to fall to the ground and sustain injuries. See para 6-7, Exhibit "A".

5.      On November 13, 2024, the parties jointly entered into a stipulation which struck the phrase, "recklessness" from paragraph 14 of Plaintiff's Complaint and struck Subparagraph 14(f) without prejudice from Plaintiff's Complaint. See ECF No. 8.

6.      On December 3, 2024, Walmart filed an Answer and Affirmative Defenses to Plaintiffs' Complaint denying all substantive claims. See ECF No.10.

7.      Walmart maintains that, based upon the evidence of record, Plaintiffs have failed to state a claim for negligence and, therefore, Plaintiffs' claims should be dismissed as a matter of law.

8.      The within Motion for Summary Judgment is based upon the filed pleadings and pertinent evidence of record.

9.      Based upon the foregoing, Defendants, Walmart Supercenter #2252 and Walmart, Inc., maintain that they are entitled to summary judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.

                                                  Respectfully submitted,

                                                  **BBC LAW, LLP**

Date: June 10, 2025                     By:    <u>***/s/ James J. Green, Esquire***</u>
                                                  James J. Green, Esquire
                                                  Harrison N. Hagelgans, Esquire
                                                  ID Nos. 205594/328820
                                                  2005 Market Street, Suite 1940
                                                  Philadelphia, PA 19958
                                                  Phone: 856-291-9771
                                                  Fax: 866-368-5234
                                                  Emails: jgreen@bbclawfirm.com
                                                              hhagelgans@bbclawfirm.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD MCENTIRE and MARY MCENTIRE : : : **Plaintiffs,** : vs. : : WALMART SUPERCENTER #2252 and WALMART INC. : : **Defendants** : : : : | CASE NO. 5:24-cv-5992 |

**CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS**

   **AND NOW**, this 10th day of June, 2025, come the Defendants, Walmart Supercenter #2252 and Walmart, Inc. (hereinafter and collectively, "Walmart") by and through counsel James J. Green, Esquire, Harrison N. Hagelgans, Esquire, and the law firm of BBC Law, LLP and hereby file the instant Concise Statement of Material Facts in Support of the Motion for Summary Judgment:

   1.   During discovery, Walmart produced CCTV footage from the date of the incident. A true and correct copy of the relevant screenshots from the CCTV footage from 08:54:16 a.m. to 09:09:07 a.m. of the CCTV footage labeled VR20240207000034_Clip1 are attached hereto as Exhibit "B".

1

2. From approximately 08:54:16 a.m. to 08:54:21 a.m. of Exhibit "B", Plaintiff, Harold McEntire ("Plaintiff Harold") can be seen viewing the open and obvious product display, even looking at the alleged "improperly stacked" vacuum cleaner.





3

3. At approximately 08:54:31 a.m. of Exhibit "B", Plaintiff Harold is seen **dragging** the top vacuum cleaner, which causes the bottom vacuum cleaner to tip over, and ultimately, the incident to occur.



4. At approximately 09:09:07 a.m. of Exhibit "B", following the incident, a Walmart employee is seen placing the vacuum cleaner back in the exact same spot and position onto the product display.



5. This Honorable Court has given the parties multiple opportunities to conduct discovery in this matter.

6. For example, on March 7, 2025, James J. Green, Esquire, counsel for Walmart, wrote to this Court requesting an extension of the dispositive motion and discovery deadline to conduct the depositions of the parties. See ECF No. 15.

7. On March 11, 2025, this Court granted an extension of the dispositive motion and discovery deadlines until April 11, 2025. See ECF No.16.

8. On March 19, 2025, Plaintiff Harold McEntire was deposed via Zoom. A true and accurate copy of Plaintiff Harold McEntire's deposition transcript is attached hereto as Exhibit "C".

9. Pursuant to Plaintiff Harold McEntire's testimony, he did not see the subject vacuum cleaner box "half off" the pallet prior to his fall. Id. at pg. 42:22-25.

10. On April 3, 2025, the parties submitted a joint request to extend the dispositive motion and discovery deadlines due to Plaintiffs' failure to provide all medical records in their possession and due to Plaintiff Harold McEntire's upcoming lumbar surgery. See ECF No. 18.

11. That same day, this Court entered its second Order extending the dispositive motion and discovery deadlines until June 10, 2025. See ECF No. 19.

12. At this time, Plaintiffs have not deposed a single employee of Walmart or Walmart's Corporate Designee to determine whether the placement of the vacuum cleaner on the product display was improper or violated any industry standards or procedures.

13. At this time, Plaintiffs have not provided any expert report establishing that Walmart violated any standards, regulations, or policies regarding the placement of the product in this case.

14. At this time, Plaintiffs have not established any evidence of record that the manner in which the vacuum cleaner was stacked improperly or that Walmart breached any alleged duty to properly stack the vacuum cleaners on the product display.

15. At this time, Plaintiffs have not provided any explanation as to how they have made good faith efforts to prosecute their claims against Walmart.

16. At this time, Plaintiffs have not noticed a single deposition in this matter nor taken any steps to prosecute their claim beyond Interrogatories and Requests for Production of Documents.

Respectfully submitted,

**BBC LAW, LLP**

Date: June 10, 2025         By:    ***/s/ James J. Green, Esquire***
James J. Green, Esquire
Harrison N. Hagelgans, Esquire
ID Nos. 205594/328820
2005 Market Street, Suite 1940
Philadelphia, PA 19958
Phone: 856-291-9771
Fax: 866-368-5234
Emails: jgreen@bbclawfirm.com
          hhagelgans@bbclawfirm.com

7