## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD MCENTIRE and MARY MCENTIRE** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **CASE NO. 5:24-cv-5992** |
| **vs.** | : | |
| | : | |
| **WALMART SUPERCENTER #2252 and WALMART INC.** | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS

Defendants, Walmart Supercenter #2252 and Walmart, Inc. ("Walmart"), by and through their counsel, BBC Law, LLP, by James J. Green, Esquire, hereby files the following Memorandum of Law in Support of the Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56:

### I.    STATEMENT OF FACTS:

On October 24, 2024, Plaintiffs, Harold and Mary McEntire filed their Complaint in the Philadelphia County Court of Common Pleas. Exhibit "A". In their Complaint, Plaintiffs set forth claims for negligence and loss of consortium on behalf of Mary McEntire. See Exhibit "A".

Plaintiffs allege that, on February 6, 2024, at an unspecified time, Plaintiff Harold McEntire ("Husband Plaintiff") entered the Walmart premises located at 3722 Nazareth

1

Road, Nazareth, Pennsylvania 18045 ("Walmart Store"), and encountered an unsafe, dangerous, and/or hazardous condition consisting of dangerously stacked vacuum cleaners on a product display at an unspecified area within the Walmart premises. See Exhibit "A". Plaintiffs allege that, as a result of the allegedly unsafe, dangerous, and/or hazardous condition Husband Plaintiff was caused to fall to the ground and sustain injuries. See para 6-7, Exhibit "A".

On November 8, 2024, Walmart timely filed a Notice of Removal to Federal Court. See ECF No. 1.

On November 13, 2024, the parties jointly entered into a stipulation which struck the phrase, "Recklessness" from paragraph 14 of Plaintiff's Complaint and struck Subparagraph 14(f) without prejudice from Plaintiff's Complaint. See ECF No. 8.

On December 3, 2024, Walmart filed an Answer and Affirmative Defenses to Plaintiffs' Complaint denying their claims. See ECF No. 10.

During discovery, Walmart produced CCTV footage from the date of the incident. Exhibit "B". From approximately 08:54:16 a.m. to 08:54:21 a.m., Plaintiff Harold McEntire can be seen viewing the obvious product display, even looking at the alleged "improperly stacked" vacuum cleaner.





At approximately 08:54:31 a.m. of Exhibit "B", Plaintiff is seen **dragging** the top vacuum cleaner, which causes the bottom vacuum cleaner to tip over.



At approximately 09:09:07 a.m. of Exhibit "B", following the incident, a Walmart employee is seen placing the vacuum cleaner back in the exact same spot and position onto the product display.

4



On March 7, 2025, James J. Green, Esquire, counsel for Walmart, wrote to this Court requesting an extension of the dispositive motion and discovery deadline to conduct the depositions of the parties. See ECF No. 15. On March 11, 2025, this Court granted an extension of the dispositive motion and discovery deadlines until April 11, 2025. See ECF No.16.

On March 19, 2025, Plaintiff Harold was deposed via Zoom. Exhibit "C". Pursuant to Plaintiff Harold McEntire's testimony, he did not see the subject vacuum cleaner box "half off" the pallet prior to his fall. Id. at pg. 42:22-25.

On April 3, 2025, the parties submitted a joint request to extend the dispositive motion and discovery deadlines due to Plaintiffs' failure to provide all medical records in their possession and due to Plaintiff Harold's upcoming lumbar surgery. See ECF No. 18. That same day, this Court entered its second Order extending the dispositive motion and discovery

deadlines until June 10, 2025. See ECF No. 19. This Court specifically warned all of the parties that there would be no further extensions. Id.

On June 10, 2025, the date of the instant Motion for Summary Judgment, the discovery deadline in this matter has passed. At no time has Plaintiffs noticed a single deposition of Walmart's corporate designee or any of their employees present on the date of the incident to investigate whether or not Walmart improperly stacked the vacuum cleaner display. Furthermore, Plaintiffs have not provided any expert reports demonstrating that Walmart failed to properly stack the vacuum cleaner display. Importantly, Plaintiffs have not provided Walmart any explanation as to why they have not prosecuted their claims despite this Court providing two extensions to the discovery deadlines.

## II.   STATEMENT OF QUESTIONS INVOLVED:

**a.  Should This Honorable Court Enter Summary Judgment Against Plaintiffs When They Failed To Produce Evidence Of Walmart's Alleged Breach Of A Duty, Have Not Prosecuted Their Claims Against Walmart Despite Two Extensions To Discovery, And Have Not Provided Any Explanation As To How Plaintiffs Could Not Have Obtained This Evidence With Due Diligence?**

*Suggested Answer: Yes.*

## III.   SUMMARY OF ARGUMENT:

In this matter, Plaintiffs "missed their shot" at obtaining the necessary evidence of record to establish Walmart breached their duty to Plaintiff by improperly stacking the vacuum cleaner display. Despite this Honorable Court providing the parties over seven (7) months for discovery, Plaintiffs did not conduct a single deposition of a corporate designee for Walmart or any of its employees to establish any alleged improper stacking of the vacuum cleaner display.

6

It is anticipated that Plaintiffs will seek refuge from the entry of summary judgment by requesting that this Court should re-open discovery to allow them to depose Walmart's corporate representative and/or employees. However, Plaintiffs cannot meet the third requirement to re-open discovery in response to a summary judgment motion: why it has not previously been obtained.

Without evidence of Walmart's breach of its duty, Plaintiffs cannot survive Summary Judgment.

**IV.**    **ARGUMENT:**

**a. Standard Of Review:**

As this Court is well aware, pursuant to Fed.R.Civ.P. 56(a), "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed.R.Civ.P. 56(a), "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a)

The movant is initially responsible for informing the Court of the basis for the motion for summary judgment, and identifying those portions of the record that demonstrate the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, (1986). Where the non-moving party bears the burden of proof on a particular issue, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the moving party has met the initial burden, the non-moving party must set forth specific facts showing that there is a genuinely disputed factual issue for trial by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations .. ., admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c).

Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Indeed, the adverse party must demonstrate to this court "more than a mere scintilla of evidence in its favor" without relying upon unsupported assertions, conclusions, or suspicions to survive a summary judgment motion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989); see also Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010) ("Unsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment.").

"The mere existence of some evidence in support of the non-movant will not be adequate to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue." Millbrook v. Bradley, 2024 U.S. Dist. LEXIS 59191, *4 (MDPA March 29, 2024); see also Fedorczyk v. Caribbean Cruise Lines,

Ltd., 82 F.3d 69, 75 (3d Cir. 1996) (finding that summary judgment is proper "when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced."). District Courts are impowered to grant summary judgment "[i]f the evidence is merely colorable, or is not significantly probative." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (internal citations omitted). Importantly, "Unsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010).

Since the Court's jurisdiction is predicated on diversity of citizenship and the operative facts occurred in Pennsylvania, the substantive law of Pennsylvania applies. See Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

**b. Plaintiffs Failed To Establish That Walmart Breached Their Alleged Duty To Plaintiff By Failing To Demonstrate That The Vacuum Cleaner Product Display Was Improperly Stacked.**

Plaintiffs cannot establish that the vacuum cleaner product display was improperly stacked and, therefore, cannot establish that Walmart breached its duty.

"In any case sounding in negligence, a plaintiff must demonstrate: (1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." Farabaugh v. Pa. Turnpike Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006).

Whether a defendant owes a duty of care to a plaintiff is a question of law. Alderwoods (Pennsylvania), Inc. v. Duquesne Light Co., 52 A.3d 347, 352 (Pa. Super. 2012). Under

9

Pennsylvania law, a landowner has a duty to protect an invitee, such as Rodney McClure in the within matter, not only against known dangers but also against those which might be discovered with reasonable care. Gutteridge v. A.P. Green Services, Inc., 804 A.2d 643, 656 (Pa. Super. 2002). Importantly, it is the plaintiff's burden of "proving the existence of a defective condition and the knowledge, actual or constructive, of the real estate possessor of the condition prior to the accident." Kardibin v. Associated Hardware, 426 A.2d 649, 652 (Pa. Super. 1981).

The "mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." Myers v. Penn Traffic Co., 414 Pa. Super. 181, 606 A.2d 926, 928 (Pa. Super. 1992). Important to the instant matter, "[A] store owner is not an insurer of its customers' safety." Flocco v. Super Fresh Mkts., No. 98-902, 1998 U.S. Dist. LEXIS 20266, 1998 WL 961971, at *3 (E.D. Pa. Dec. 29, 1998) (citing Moultrey v. Great Atl. & Pac. Tea Co., 422 A.2d 593, 596 (Pa. Super. 1980)).

When a party fails to obtain discovery within the time prescribed the Court's Orders, the fault lies with no one other than that party. Anderson v. Step by Step, Inc., 2022 U.S. Dist. LEXIS 65366, *5 (E.D.Pa. April 8, 2022). "Litigants ignore [] Court orders at their own peril . . . ." Id. quoting Easley v. Reuberg, 2021 U.S. Dist. LEXIS 142280, 2021 WL 363973, at *5 (W.D. Pa. July 30, 2021). "A court may grant summary judgment, despite an outstanding discovery request, if a plaintiff has had ample opportunity to pursue discovery and has not diligently done so, and further discovery is unlikely to lead to facts necessary to defeat the motion." Prisco v.

<u>United States</u>, 1990 U.S. Dist. LEXIS 13606, *11 (E.D. Pa. October 10, 1990) citing <u>Lunderstadt</u>

<u>v. Colafella</u>, 885 F.2d 66, 70-71 (3rd Cir. 1989).

However, if a party seeks to re-open discovery in response to a summary judgment motion, they must demonstrate: (1) the particular information sought, (2) how the information would preclude summary judgment, and (3) why it has not previously been obtained. See <u>Pastore v. Bell Tel. Co. of Pa.</u>, 24 F.3d 508, 511 (3d Cir. 1994); <u>St. Surin v. Virgin Islands Daily News, Inc.</u>, 21 F.3d 1309, 1314, 30 V.I. 373 (3d Cir. 1994). "A request for relief under Rule 56([d]) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery." <u>Koplove v. Ford Motor Co.</u>, 795 F.2d 15, 18 (3d Cir. 1986) quoting 10A <u>Wright & Miller, Federal Practice and Procedure</u> § 2741 (1983)). Allowing discovery to investigate the merits of summary judgment "is not intended to protect those who have had an opportunity to complete discovery, but who failed to do so by their own lack of diligence." <u>Banks v. City of Phila.</u>, 309 F.R.D. 287, 292 (E.D.Pa. August 14, 2015).

Here, Plaintiffs have failed to establish any breach of a duty by Walmart vis-à-vis an improperly stacked vacuum cleaner display. Plaintiffs have not elicited any testimony from any Walmart corporate designee and/or employee that the display was improperly stacked. Plaintiffs have not produced any expert reports as to any alleged improper stacking methods or failures to abide by industry standards. In all, Plaintiffs have not produced any evidence of Walmart breaching its alleged duty to Plaintiff other than unsupported assertions. On the contrary, the objective evidence from the CCTV footage demonstrates that Walmart properly stacked the vacuum cleaner display. 09:09:07 a.m. of Exhibit "B".

11

It is anticipated that Plaintiffs will attempt to survive the instant Motion by requesting that this Court re-open discovery to conduct the depositions of Walmart employees and Walmart's corporate representative. However, Plaintiffs will not be able to meet the third requirement to re-open discovery: why these depositions were not previously obtained. In fact, Plaintiffs have not issued a single Notice of Deposition regarding Walmart's corporate designee or a Walmart employee to discuss its policies and procedures regarding the product displays; or even discussed dates for these crucial depositions.

As such, Plaintiffs have missed their multiple opportunities to obtain the necessary evidence during discovery to survive the instant Motion for Summary Judgment.

## V.    <u>CONCLUSION:</u>

As Plaintiffs failed to produce sufficient evidence that Walmart breached its duty to properly stack its product display, and Plaintiffs have failed to conduct the necessary discovery after multiple extensions to the discovery deadlines, this Honorable Court should grant Defendants' Motion for Summary Judgment, and enter the attached Order.

Respectfully submitted,

**BBC LAW, LLP**

Date: June 10, 2025                    By:    ***/s/ James J. Green, Esquire***
                                               James J. Green, Esquire
                                               Harrison N. Hagelgans, Esquire
                                               ID Nos. 205594/328820
                                               2005 Market Street, Suite 1940
                                               Philadelphia, PA 19958

Phone: 856-291-9771
Fax: 866-368-5234
Emails: jgreen@bbclawfirm.com
        hhagelgans@bbclawfirm.com

13