**THE SHARMA LAW OFFICE LLC**
Deepak Sharma, Esquire
Attorney ID No. 310214
227 S. 7th Street
Easton, PA 18042
Phone:  610-810-5090
Fax:  610-549-6582
deepak@thesharmalawoffice.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD MCENTIRE and MARY MCENTIRE, <br><br> Plaintiffs, <br><br> vs. <br><br> WALMART SUPERCENTER #2252 and WALMART INC., <br><br> Defendants. | CASE NO. 2:24-cv-5992 |

**PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. Civ. P. 60(b)**

AND NOW, this 9th day of September 2025, come the Plaintiffs, Harold Mcentire and Mary Mcentire (hereinafter and collectively, "Plaintiffs") by and through counsel Deepak Sharma, Esq. and hereby file the instant Motion for Relief from Judgment and, in support thereof, aver as follows:

1.  The present action involves a claim seeking recovery of damages for serious and permanent injuries suffered by Plaintiff Harold McEntire in a February 6, 2024 incident at a Walmart Supercenter located in Easton, PA. It is alleged that Mr. McEntire was caused to fall and suffer injury after tripping over a vacuum cleaner box that fell off an improperly stacked product display.

1

2. On October 24, 2024, Plaintiffs, Harold and Mary McEntire filed their Complaint in the Philadelphia County Court of Common Pleas setting forth claims for negligence and loss of consortium on behalf of Mary McEntire. **(See Complaint attached as Exhibit A).**

3. On November 8, 2024, Walmart timely filed a Notice of Removal to Federal Court. See ECF No. 1.

4. On December 3, 2024, Walmart filed an Answer and Affirmative Defenses to Plaintiffs' Complaint denying all substantive claims. See ECF No.10.

5. The parties exchanged initial written discovery responses, and the deposition of Mr. McEntire was completed on March 19, 2025.

6. To this date, Mr. McEntire is still actively treating for his incident-related injuries and underwent lower back surgery on May 28, 2025, from which he is still recovering. His doctors advised that he should not be evaluated independently until 4-6 months post-surgery. As such, Defendant's IME by Joshua Aurbach, MD originally scheduled for July 25, 2025 had been postponed by agreement to October 7, 2025, and Plaintiffs' IME by David Weiss, D.O. had been postponed to November 7, 2025.

7. On June 10, 2025, the Defendants, Walmart filed a Motion for Summary Judgment. In so doing Defendants failed to abide by this Court's Rule mandating:

> Before any motion is filed—including motions under Federal Rule of Civil Procedure 12 and 56—counsel must contact opposing counsel to discuss thoroughly the substance of the contemplated motion and any potential resolution of it. This conference must take place at least five (5) days before the motion is filed. If the parties are unable to resolve the issue without a motion, then the moving party must state in the motion the date this conference took place and certify that the parties were unable to resolve this issue during that conference. If opposing counsel does not oppose the motion, the moving party must so state in the motion.

The only exceptions to this conference requirement are:

(a) Discovery motions, which are addressed separately in section 5 of this order;
(b) Applications for temporary restraining orders; and
(c) The narrow category of cases that are exempt from ordinary case management and scheduling procedures under Local Rule of Civil Procedure 16.2.

**(See Initial Procedural Order of November 15, 2024, Hon. Joseph F. Leeson, Jr., USDJ attached as Exhibit B).**

8. On July 2, 2025, Counsel for Plaintiffs filed Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, including a response to Plaintiffs' factual allegations and a Memorandum of Law arguing that summary judgment should be denied as premature, and requesting a status conference to discuss time for additional discovery.

9. On July 8, 2025, the undersigned forwarded defense counsel via email a second set of interrogatories and requests for production relating to the surveillance video produced by Defendant, along with a request for dates to conduct the depositions of the employees identified in Defendant's answers to interrogatories. **(See discovery requests attached as Exhibit C).**

10. Counsel for Plaintiff needed the requested discovery to effectively develop liability issues. Defense counsel failed to respond to these requests, but rather objected and refused to answer this discovery because it was served after the discovery deadline, despite providing no reason why Defendant was prejudiced by the request. **(See emails with counsel regarding discovery dispute attached as Exhibit D).**

11. On August 25, 2025, Counsel for Plaintiffs forwarded a letter to the Hon. Joseph F. Leeson, Jr. requesting a status conference to discuss the discovery dispute. (**See letter to Judge Leeson attached as Exhibit E).**

12. That same day, the Court entered an Order granting Defendant's Motion for Summary Judgment, essentially opining that summary judgment was justified due to lack of diligent prosecution and discovery. **(See August 25, 2025 Order attached as Exhibit F).**

13.     Plaintiffs seek relief from the August 25, 2025 Order and contend that concerns of equity and justice dictate permitting this case to proceed on the merits.

14.     The discovery deadline was initially set for March 3, 2025. On March 11, 2025, at the joint request of the parties, this Court extended the discovery deadline and dispositive motions deadline until April 11, 2025. See ECF Nos. 15-16. On April 3, 2025, the Court granted another joint extension request, extending the discovery and dispositive motions deadlines to June 10, 2025. However, as indicated *supra,* on May 28, 2025, Mr. Mcintire underwent back surgery and an IME could not be conducted for a number of months.  **(See emails between counsel regarding i) treatment status, ii) status of settlement negotiations and iii) potential need for discovery extension agreement due to IME delays, attached as Exhibits G and H).**

15.     While the subject discovery request was served after the deadline, the Defendant would not have been prejudiced by producing the discovery beyond the deadline, because at the time, the parties were not in a position to resolve this matter pending the IMEs, which had also scheduled by agreement to be conducted well beyond the deadline. **(See emails between counsel confirming agreement to conduct discovery beyond the deadline attached as Exhibit I).**

16.     Defendant's contention that Plaintiffs have not conducted any discovery to develop the liability issues in this case is a gross misrepresentation of fact.  Plaintiffs served Interrogatories and Requests for Production of Documents on February 3, 2025.  Since then, Plaintiffs have been working with their liability expert, Mark Monteith of Robson Forensics, to analyze the liability issues in this case and author a written report.  Mr. Monteith had a busy work and personal schedule during this period, and his initial draft report was issued to Plaintiffs' counsel on July 19, 2025.

17. In the interim, while discussing preparation of the draft report, Plaintiff Harold McEntire observed a photograph of the subject vacuum cleaner box display that was produced by Defendant in discovery and reproduced in Mr. Monteith's draft report.  Mr. McEntire advised Plaintiffs counsel that he believed that photograph was not a true representation of the subject display as it existed on the date of his incident – this is what prompted Plaintiffs' counsel to serve the second set of written discovery (relating to evidence of possible alteration of the surveillance video) and request for depositions on July 8, 2025.  **(See relevant photograph from Robson Forensics' draft report attached as Exhibit J)**

18. Plaintiffs need this discovery in order to finalize Mr. Monteith's expert report.

19. It is respectfully submitted that there is no prejudice to the parties should the Court grant this request because the parties are awaiting the IME and could not yet resolve this matter by settlement agreement; as such, the undersigned respectfully requests once again that the Court conduct a status conference to discuss discovery issues and the potential extension of the discovery deadlines.

20. The undersigned was surprised by Defendant's agreement to adjourn the IME, which was needed for settlement discussions and to finalize negotiation of the medical lien, and then Defendant filing their summary judgment motion, knowing that discovery was pending, and without any attempt to contact the undersigned to discuss the matter prior to filing the dispositive motion.

21. Based on the foregoing, Plaintiffs respectfully request the Court reverse the grant of summary judgment in favor of Defendant and permit the case to proceed on the merits.

WHEREFORE, Plaintiffs, Harold McEntire and Mary McEntire, respectfully request that this Honorable Court grant their motion and enter an order in the attached form.

Respectfully submitted,

THE SHARMA LAW OFFICE LLC

**/s/ Deepak Sharma**
Deepak Sharma, Esquire
Attorney ID No. 310214
227 S. 7th Street
Easton, PA 18042
Phone:   610-810-5090
Fax:   610-549-6582
deepak@thesharmalawoffice.com
*Attorney for Plaintiffs*
