THE SHARMA LAW OFFICE LLC
Deepak Sharma, Esquire
Attorney ID No. 310214
227 S. 7th Street
Easton, PA 18042
Phone:  610-810-5090
Fax:  610-549-6582
deepak@thesharmalawoffice.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD MCENTIRE and MARY MCENTIRE,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>WALMART SUPERCENTER #2252 and WALMART INC.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 2:24-cv-5992 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. Civ. P. 60(b)**

**I)  THE COURT SHOULD RE-OPEN THE PRESENT MATTER BASED UPON FED. R. Civ. P. 60(b)(1)**

**A. Legal Standard**

Although a district court, as a general matter, has discretion to dismiss an appeal under those circumstances, "[n]ot every failure to follow procedural rules mandates dismissal..." *In re Comer*, 716 F.2d 168, 177 (3d Cir. 1983). Moreover, the Third Circuit Court of Appeals has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable," *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 137 (3d Cir. 2017); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). See *Miles v. Aramark Corr. Serv., Inc.*,

1

321 F. App'x 188, 191 (3d Cir. 2009) ("The Court's reinstatement of the case adheres to our long- standing preference 'that cases be disposed of on the merits whenever practicable'"). Moreover, "parties should not be penalized for the negligence of their attorneys except in extreme and unusual circumstances." *Daly v Oliver*, 2024 US Dist LEXIS 84272, at *9-10 (ED Pa May 8, 2024) (quoting *United States v. Berger*, 86 F.R.D. 713 (W.D. Pa. 1980)).

In line with the above principle, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for .... mistake, inadvertence, surprise, or excusable neglect..." Fed Rules Civ Proc R 60 (b)(1). Relief under Rule 60(b)(1) has been granted liberally in a variety of situations in which a party is "deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." *Winbush v. Adaptive Behavioral Servs*., 2021 U.S. Dist. LEXIS 86748, at *5 (W.D. Pa. May 6, 2021) (citing 11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2858 (2d ed.1995)).

A motion under Rule 60(b)(1) must be "made within a reasonable time—and... no more than a year after the entry of the judgment or order or the date of the proceeding." Fed Rules Civ Proc R 60 (c)(1). "The test for excusable neglect is equitable, and requires [district courts] to weigh the totality of the circumstances." *Yan Qin v State Farm Fire & Cas. Co*., 2025 U.S. App. LEXIS 460, at *2 (3d Cir Jan. 9, 2025) (internal citations omitted); see *Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007) (citing *Welch & Forbes, Inc. v. Cendant Corp.*, 234 F.3d 166, 171 (3d Cir. 2000)). In weighing the circumstances, courts look to "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." Id. see also *Pioneer Inv. Servs. v. Brunswick Assocs. LP*, 507 U.S. 380 (1993). The Third Circuit has found that "a party acts in good faith where it acts with reasonable haste to investigate the problem and to take available steps toward remedy." *Kohl's*

2

*Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P*., 121 Fed. App'x 971, 976 (3d Cir. 2005) (citations omitted).

In *Daly v Oliver,* the district court noted:

> Short delays—of a few days—can constitute mistakes or excusable neglect under the 60(b)(1) standard. For instance, in *United States v. Berger*, 86 F.R.D. 713 (W.D. Pa. 1980), the defendant's attorney's hospitalization delayed him from filing a timely answer. Eleven days after default judgment was entered, the attorney filed a 60(b) motion, and the court reopened the case. The court noted that the attorney had the ability to call the court or opposing counsel about his condition but had failed to do so. Id., 86 F.R.D. at 715. However, such a mistake was excusable, and the court stated that "parties should not be penalized for the negligence of their attorneys except in extreme and unusual circumstances." Id. (citation omitted).

*Daly v Oliver,* 2024 US Dist LEXIS 84272, at *9-10 (ED Pa May 8, 2024)

At least one Judge in the Eastern District has taken an expansive view of R-60 (b). In *Shepard v. K.B. Fruit & Vegetable*, 1994 U.S. Dist. LEXIS 5898 (ED Pa 1994), a defendant failed to respond to a summary judgment motion. They asserted the motion was not answered because a "spate" of bad winter weather which "caused absences and a back log of work in counsel's law office." *Id*. Noting that "courts are chary to dismiss actions on account of inadvertence", the district court ruled that although the defendant "did not meet the burden of demonstrating 'excusable neglect', out of an abundance of caution and considering the preference of our Court of Appeals for adjudication of cases on the merits, rather than on technicalities, we will permit the judgment to be opened." *Id.*; see also *Accurso v Defendants Servs., Inc*., 2021 US Dist LEXIS 169136, at *1 (ED Pa Sep. 7, 2021) (The *Pioneer*[1] factors weighed in favor of granting plaintiff Fed. R. Civ. P. 60(b)(1) relief from dismissal of his post-verdict attorney fee request because there was insufficient prejudice to defendants, the Rule 60 motion was filed immediately upon learning of the dismissal, and counsel's neglect in not

---

[1] *Pioneer Inv. Servs. v. Brunswick Assocs. LP*, 507 U.S. 380 (1993) "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith."

3

updating his email address was excusable.) and *cf* <u>Pence v. Mayor of Bernards Twp.,</u> 2010 U.S. Dist. LEXIS 110028, at *9 (D.N.J. Oct. 15, 2010) (R-60(b)(1) motion denied where "Plaintiff delayed approximately six months before attempting to remedy her failure" and "[i]t would be inequitable to relieve Plaintiff from that judgment…to allow Plaintiff to reopen her case with a cause of action Plaintiff never pleaded formally.")

### B. As a Matter of Equity, the Present Matter Should Be Re-opened

A weighing of the circumstances in the present case will demonstrate that it would be equitable for Your Honor to grant Plaintiffs' motion and reopen this matter based upon mistake and excusable neglect. There is hardly any danger that Defendants would be prejudiced by the re-opening of this matter, as, because of the Plaintiff's recent back surgery, they had agreed to their IME to be postponed until October 7, 2025, and Plaintiffs' IME to be postponed to November 7, 2025. As to "the length of the delay and its potential impact on judicial proceedings", Counsel for Defendant made the present motion within 15 days of Your Honor's order and once the IMEs are conducted, the parties very well may be in a position to settle this matter if Plaintiffs are given an opportunity to finalize the discovery needed for Mr. Monteith's liability expert report. The liability expert report has not been finalized because Plaintiff Mr. McEntire believes that the depiction of subject vacuum cleaner display post-incident was not accurate, which is why Plaintiffs served additional discovery requests on July 8, 2025. Another reason for the mistake or delay here was caused by Plaintiff's Counsel's belief (which admittedly proved incorrect) that Mr. Mcintire's May 28, 2025 back surgery, which would by agreement put things off until mid-autumn, would enable further discovery to be conducted and result in the summary judgment motion being held in abeyance or denied.

It was correctly noted in Your Honor's decision that Plaintiffs did not strictly comply with R-56 by submitting an affidavit describing what further discovery was needed in order to defend against the summary judgment motion. However. while "it is preferred that non-

4

movants present an affidavit to support a continuance of discovery, there is no stringent procedure that will bar litigants access to further discovery." *Wichita Falls Office Assoc. v. Banc One Co.*, 978 F.2d 915, 919 (5th Cir. 1993). To envoke 56(f), a litigant "need only submit an equivalent statement preferably in writing that conveys the need for additional discovery." *Id*. (citations and internal quotes removed). "Such a continuance of a motion for summary judgment 'should then be granted almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'" *Gonzalez v. Geren*, 535 F. Supp. 2d 791, 804 (W.D. Tex. 2008) (quoting *Wichita Falls Office Assoc.*, 978 F.2d at 919). Here, the email exhibits attached to the undersigned's declaration indicate that Plaintiffs were diligently seeking discovery from Defendants, i.e. video tapes from the Defendant store and Defense Counsel was still obtaining discovery. Although Plaintiffs did not file a separate affidavit as to the needed discovery, Plaintiffs' Counsel provided this Court with a letter explaining the difficulties Plaintiffs were experiencing in defending against summary judgment and need for further discovery prior to Your Honor's ruling. (See Exhibit Da, letter to the Court).

Counsel for Plaintiff needed the requested discovery to effectively develop liability issues. Defense counsel failed to respond to these requests, but rather objected and refused to answer this discovery because it was served after the discovery deadline. Specifically, Plaintiffs needed to conduct discovery regarding potential alteration of the surveillance video and/or whether the depiction of the subject display in the photographs allegedly taken post-incident are true and correct representations, which is being questioned by Plaintiff Harold McEntire. If not, there are undeveloped issues in this case relating to Defendants' notice, both actual and constructive, of the dangerous condition which caused Harold Mcintire's injuries, including past similar incidents at Defendants' stores and whether they knew of such incidents at competitors' stores. Additionally, Plaintiffs would need to conduct discovery concerning training of Walmart employees concerning the layout and stacking of products similar in size

5

and weight to the vacuum cleaners at issue and whether there were similar incident(s) involving the employee(s) who stacked the vacuum cleaners at issue. Policies and procedures in effect at the time of the incident concerning the display of merchandise and whether these policies and procedures were followed in the display of the subject vacuum cleaners. Also, Plaintiff's would need to seek discovery of alternative methods by which Defendants could have displayed the merchandise in question. (See accompanying Declaration of Counsel, paras. 12 to 16).

Obviously, any delay here was not the fault of Mr. and Mrs. Mcintire and they should not be "deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." *Winbush v. Adaptive Behavioral Servs.*, 2021 U.S. Dist. LEXIS 86748, at *5 *supra*. Moreover, whether or not the undersigned mis-read the situation, it was always intended to either settle or try this matter expeditiously after the parties were able to conduct the IMEs. These concerns were brought to the Court's attention, requesting a conference, prior to Your Honor's decision and have since moved expeditiously to attempt to remedy this situation demonstrates "good faith." See *Kohl's Dep't Stores, Inc.*, 121 Fed. App'x supra at 976.

It also should be emphasized that Defense Counsel, who has sought to gain advantage based upon Plaintiff's alleged lack of strict compliance with Court Rules, has failed to strictly comply themselves as they never sought a conference with Your Honor prior to filing their summary judgment motion, as mandated by Your Honor's rules. Said conference could have led to Your Honor's adjourning the motion or at least have clarifying what was a confusing situation (Summary Judgment proceeding while IMEs were pending). In this case, there is good cause for the delay and need for additional discovery to finalize Plaintiffs' liability expert's report. There is no prejudice to any party by allowing the case to proceed on the merits. It is respectfully submitted that under the circumstances and good cause for delayed

prosecution of this case, as discussed herein, substantive justice should take favor over strict procedural compliance.

## II) **CONCLUSION**

For the above stated reasons, it is respectfully submitted that the equities in this matter weigh in favor of granting Plaintiffs' motion for relief from judgment.

Respectfully submitted,

**THE SHARMA LAW OFFICE LLC**

  **/s/ Deepak Sharma**
Deepak Sharma, Esquire
Attorney ID No. 310214
227 S. 7th Street
Easton, PA 18042
Phone: 610-810-5090
Fax: 610-549-6582
deepak@thesharmalawoffice.com
*Attorney for Plaintiffs*