

*Filed and Attested by the Office of Judicial Records 13 OCT 2024 10:17 pm L. BREWINGTON*

**THE SHARMA LAW OFFICE LLC**
Deepak Sharma, Esquire
Attorney I.D. No. 310214
227 S. 7th Street
Easton, PA 18042
Phone:  610-810-5090
Fax:  610-549-6582
deepak@thesharmalawoffice.com
*Attorney for Plaintiffs*

| | |
|---|---|
| **HAROLD MCENTIRE** and **MARY MCENTIRE**  *Plaintiffs,*  v.  **WALMART SUPERCENTER #2252** and **WALMART INC.**  *Defendants.* | COURT OF COMMON PLEAS PHILADELPHIA COUNTY  OCTOBER TERM, 2024  NO.  JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Verified Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a Judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street – 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

Case ID: 241001528

**THE SHARMA LAW OFFICE LLC**
Deepak Sharma, Esquire
Attorney I.D. No. 310214
227 S. 7th Street
Easton, PA 18042
Phone: 610-810-5090
Fax: 610-549-6582
deepak@thesharmalawoffice.com
*Attorney for Plaintiffs*

| | |
|---|---|
| **HAROLD MCENTIRE** and **MARY MCENTIRE**  *Plaintiffs,*  v.  **WALMART SUPERCENTER #2252** and **WALMART INC.**  *Defendants.* | COURT OF COMMON PLEAS PHILADELPHIA COUNTY  OCTOBER TERM, 2024  NO.  JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Harold McEntire and Mary McEntire (collectively, "Plaintiffs"), by and through their undersigned counsel, bring the within Complaint against Defendants, Walmart Supercenter #2252 and Walmart Inc. (collectively, "Defendants"), and in support thereof, aver as follows:

### Parties

1. Plaintiffs are adult individuals residing at 143 S. 17th Street, Easton, Pennsylvania 18042.

2. Defendant Walmart Supercenter #2252 is a business entity authorized to operate in the Commonwealth of Pennsylvania located at 3722 Nazareth Road, Nazareth, Pennsylvania 18045.

Case ID: 241001528

3. Defendant Walmart Inc. is a business entity authorized to operate in the Commonwealth of Pennsylvania with an address of 702 SW 8th Street, Bentonville, Arkansas, 72716.

4. At all relevant times, Defendants owned, controlled, possessed, and maintained the premises located at 3722 Nazareth Road, Nazareth, Pennsylvania 18045 (hereinafter "Premises"), who, acting through their employees, agents, servants and assigns, were individually and collectively responsible to protect persons from hazardous conditions on the Premises.

**Facts**

5. On or about February 6, 2024, Plaintiff Harold McEntire, a business invitee, was shopping for a vacuum cleaner within the Premises.

6. While acting lawfully and with due care, Plaintiff Harold McEntire attempted to remove a boxed vacuum cleaner from a stacked product display.

7. Suddenly and without warning, several boxes from the stack fell on Plaintiff Harold McEntire, causing him to fall and violently slam his body against the hard floor surface.

8. The manner in which the products were displayed was a dangerous and defective condition of the Premises that was present a significant period of time prior to the subject incident.

9. Defendants knew about the aforesaid dangerous and defective condition and/or in the exercise of reasonable care should have known about it and had a reasonable opportunity to correct it.

10. As a result of the aforesaid incident, Plaintiff Harold McEntire suffered severe and permanent bodily injuries, including but not limited to injuries to his knees and back.

## COUNT ONE
## NEGLIGENCE
## Plaintiffs v. Defendants

11. Plaintiffs incorporate by reference all foregoing averments as though fully set forth at length herein.

12. The aforesaid dangerous and defective condition created a reasonably foreseeable risk that a business invitee would be caused to fall and sustain injury.

13. Defendants had actual notice or could reasonably have been charged with notice under the circumstances of the likelihood of a dangerous condition existing at the time of the incident with such notice available to Defendants at a time sufficiently prior to the accident to have taken measures to protect against it.

14. The aforesaid incident and resulting injuries and damages sustained by Plaintiff Harold McEntire was caused as a direct and proximate result of the negligence, carelessness and recklessness of Defendants, their agents, servants, and/or employees, which consisted of the following:

(a) failing to properly and adequately inspect, discover and make safe a dangerous condition of the premises which constituted a hazard for persons, particularly business invitees, who were lawfully upon said premises;

(b) failing to identify, prevent, and warn of the dangerous condition;

(c) failing to take all measures necessary under the circumstances to protect persons within the premises from a foreseeable risk of injury;

(d) failing to replace, repair, or otherwise make the premises safe for persons, particularly business invitees, by eliminating the hazards associated with improperly stacked product displays within the Premises;

(e) failing to exercise reasonable care to discover the dangerous condition of the premises involved herein;

(f) negligence with respect to maintenance of the premises, in that the dangerous condition was known, or should have been known to Defendants; and

(g) permitting the dangerous and defective condition within the Premises to exist for an unreasonably long period of time in a dangerous condition without correcting same.

15. As a result of the aforesaid incident, Plaintiff Harold McEntire has sustained serious, painful and permanent injuries, which include but are not limited to a injuries to his knees and back.

16. As a result of the aforesaid incident, Plaintiff Harold McEntire has suffered pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures and an inability to attend to usual and daily activities of life, and will continue to suffer same for an indefinite time into the future, to his great detriment and loss.

17. As a result of the aforesaid incident, Plaintiff Harold McEntire has suffered a loss of earnings and impairment of earning capacity, to his great detriment and loss.

18. As a further result of the aforesaid accident, Plaintiff Harold McEntire has sought medical treatment in and about an effort to cure herself of his injuries and has incurred medical expenses and will continue to require medical treatment and incur such expenses for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants in a sum exceeding the jurisdictional arbitration limit, including damages, interest, fees, costs, and any further relief this Honorable Court deems just and equitable.

### COUNT TWO
### LOSS OF CONSORTIUM
### Plaintiffs v. Defendants

19. Plaintiffs incorporate by reference all foregoing averments as though fully set forth at length herein.

20. At all relevant times, Plaintiffs have been married to each other.

21. As a direct and proximate result of the aforesaid incident, Plaintiff Mary McEntire has been forced to expend time, money and other resources for her husband's medical care, medicines, and attendant services.

22. As a further direct and proximate result of the aforesaid accident, Plaintiff Mary McEntire has been and will be deprived of the services, assistance, and companionship of her husband.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants in a sum exceeding the jurisdictional arbitration limit, including damages, interest, fees, costs, and any further relief this Honorable Court deems just and equitable.

        Respectfully submitted,

        **THE SHARMA LAW OFFICE LLC**

        By: /s/ Deepak Sharma
           Deepak Sharma

Dated: October 13, 2024

Case ID: 241001528

**VERIFICATION**

The undersigned verify that the statements made in the foregoing Complaint are true and correct to the best of our knowledge, information, and belief. We understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

                                               */s/ Harold McEntire*
                                               Harold McEntire

                                               */s/ Mary McEntire*
                                               Mary McEntire

Dated: October 13, 2024

CERTIFICATE OF COMPLIANCE – CONFIDENTIAL INFORMATION FORM

The undersigned certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that requires filing confidential information and documents differently than non-confidential information and documents.

Submitted by: The Sharma Law Office LLC

Signature: */s/ Deepak Sharma*

Attorney: Deepak Sharma, Esquire

Attorney No.: 310214

Case ID: 241001528