**THE SHARMA LAW OFFICE LLC**
Deepak Sharma, Esquire
Attorney ID No. 310214
227 S. 7th Street
Easton, PA 18042
Phone:   610-810-5090
Fax:   610-549-6582
deepak@thesharmalawoffice.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAROLD MCENTIRE** and **MARY MCENTIRE,** *Plaintiffs,* v. **WALMART SUPERCENTER #2252** and **WALMART INC.** *Defendants.* | NO. 2:24-CV-5992 JURY TRIAL DEMANDED |

PLAINTIFFS' INTERROGATORIES (SET II)
WITH SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANTS

AND NOW, pursuant to the Pennsylvania Rules of Civil Procedure, Plaintiffs, Harold McEntire and Mary McEntire (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby propound the following Interrogatories with Supplemental Request for Production of Documents (Set II) directed to Defendants, Walmart Supercenter #2252 and Walmart Inc. (collectively, "Defendants"), as follows:

I.   **DEFINITIONS:**

1) "Plaintiff(s)" means Plaintiff(s) in the above-captioned action.

1

2) "You/Your" or "Defendant('s)" means the Defendants in the above-captioned action to which this discovery is directed, and their authorized agents, employees and other representatives.

3) "Incident" refers to the incident that is the subject of Plaintiffs' Complaint.

4) "Incident" and terms like "Location of incident" refer generally to the location of subject incident, including but not limited to the subject vacuum cleaner product display area within the premises generally, and specifically the subject pallet itself.

5) "Document" includes any written, electronically-stored, recorded or graphic material, however produced or reproduced, including but not limited to, the original or any copies of records, reports, photographs, correspondence, memoranda, notes, written communications, telegrams and cables, photographs, notes of oral or telephonic communications, diaries, schedules, calendars, contracts, agreements, releases, instructions, minutes or notes of meetings of the plaintiff other persons acting on his behalf, checks, messages and preliminary versions, drafts or revisions or any of the foregoing.

6) "Identify" or "specify," when used in reference to a natural person, means to state in the answer in each instance his/her full name, present or last known residence address, and his/her occupation or business, including the name and address of his present employer and position, if known.

7) "Identify" or "specify," when used in reference to a writing or documents, means to state in the answer in each instance whether or not such documents is known to be in existence at the time of making the answer, and (a) the date, type of documents, e.g., letter, memorandum, number, and (b) the present or last known location and custodian of the document and all copies thereof. If any such document is no longer in your possession or subject to your control, state what disposition was made of it, the date thereof, and identify the policy, rule, order or other authority by which such disposition was made.

8) "Describe" or "description," when used in reference to a document, shall include:

   a) a summary of its substance;
   b) its date;
   c) its present or last known location;
   d) the identify of its author;
   e) the identity of its signer;
   f) the identity of all addresses;
   g) the identity of all recipients of the document;
   h) the identity of its custodian;
   i) the type of documents (for example, letter, diary, expense account, etc.); and
   j) the disposition made of it, if it is no longer in your control, and the date of such disposition. Your attention is directed to the requirement that a reasonably diligent

inquiry must be undertaken to locate documents not immediately known or accessible.

9) "Describe" or "description," when used in reference to any communication, shall include:
   a) a summary of its substance;
   b) its date;
   c) its location;
   d) its medium (for example, telephone, in person, etc.);
   e) the identity of all persons participating in it;
   f) the identity of all persons known or believed to have heard it; and
   g) the identity of all documents which relate to it.

10) "Describe" or "description," when used in reference to any occurrence, shall include:
    a) a summary of its substance;
    b) its date;
    c) its location;
    d) the identity of all persons participating in it; and
    e) the identity of all persons known or believed to have witnessed it.

11) "Relating to" or "pertain to" shall refer to communications or documents, the contents of which embody, mention, describe, refer to, comment upon, record, corroborate, question, support, contradict, constitute or otherwise contain information or observations about the matter under inquiry.

## II.    INSTRUCTIONS:

1) Each Interrogatory and/or Request for Production of Documents listed below shall be answered for each defendant as if a separate set of each was served upon each defendant.

2) These Interrogatories and/or Requests for Production of Documents are deemed continuing and whenever additional information is responsive to them, but not supplied in answer to them, is obtained by you, it shall be supplied to plaintiff though expressly requested by separate Interrogatories and Requests for Production of Documents.

3) In answering these Interrogatories and/or Requests for Production of Documents, furnish such information as is available to you, not merely such information as is of your own knowledge. This means you are to furnish information, which is known by or in the possession of your employees, representatives or agents, including your attorneys.

4) If you maintain that any documents or records which relate or pertain to anything about which these Interrogatories and/or Requests for Production of Documents asks have been lost or destroyed, set forth the content of said documents, the location of any

copies of said documents, the date of such destruction, and the name of the person who ordered or authorized such destruction, if any.

5) For each response, provide true and correct copies of any and all documents that in any way support or otherwise relate to the information provided.

## **INTERROGATORIES**

1) What are the video system details of the surveillance video(s) produced to date, including:

    - Make, model, and version of the core video system/application.

    - Map/CAD of the facility with the location and general aim of each camera identified. Request each camera on the map be titled with the specific name/number as programed in the system, as well as the camera make and model information.

    - What are the system configuration details, to include camera resolutions, frame rate, recording type (motion, continuous, on a schedule, etc.).

    - What are the video storage details? Is the video stored on a local hard drive, network server, cloud system?

2) Identify the installer(s) and provide any and all documentation including but not limited to installation invoices from the installer.

3) Identify the custodian(s) and provide a copy(ies) of the system log maintained for the life of the system, including any and all information related to changes made to the system for configuration, file deletion, etc.

4) Explain why the video of Plaintiff's incident is glitched at the precise moment of the incident and provide copy(ies) of any and all relevant information regarding this glitch.

5) Identify the custodian(s), specify the start and end time, and provide copy(ies) of any and all video data from the specific cameras associated with not only the incident itself, but those that may provide other relevant evidence, including the initial placement, stacking, assembly, alteration, maintenance, movement, or other manipulation of the subject vacuum cleaner display, as well as any such video data from after the subject incident. Please ensure any relevant video evidence is exported uncompressed and produced as such.

4

These interrogatories are deemed to be continuing insofar as if any of the above is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Plaintiff's counsel consistent within the applicable Rule of Civil Procedure.

                              Respectfully submitted,

                              **THE SHARMA LAW OFFICE**

                              By:   /s/ Deepak Sharma
                                        Deepak Sharma, Esq.

Dated: July 8, 2025