UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HAROLD MCENTIRE :
and MARY MCENTIRE, :
    Plaintiffs, :
     :
    v. : No. 5:24-cv-5992
     :
WALMART SUPERCENTER #2252 :
and WALMART INC., :
    Defendants. :

**O P I N I O N**
Motion for Relief Pursuant to Rule 60(b)(1), ECF No. 33 – Denied

**Joseph F. Leeson, Jr.**                                                                                        October 21, 2025
**United States District Judge**

**I.    INTRODUCTION**

Plaintiffs Harold and Mary McEntire commenced a negligence action against Walmart arising from injuries Mr. McEntire sustained from a fall while shopping for a vacuum cleaner. Despite receiving several extensions of time to complete discovery, counsel for the McEntires failed to do so. Instead, he sought additional time for discovery in response to Walmart's Motion for Summary Judgment. Summary judgment was granted on August 25, 2025. The McEntires now seek relief from that decision under Rule 60(b)(1). The Motion, which is properly construed under Rule 59(e), suggests this Court erred in denying a third discovery extension. Because there was no reason why discovery could not have been timely conducted, the Motion is denied.

**II.    BACKGROUND**

    **A.    Procedural History**

The following procedural history is taken from the Opinion dated August 25, 2025:

On or about October 13, 2024, the McEntires commenced the above-captioned action in the Court of Common Pleas for Philadelphia County. *See* ECF No. 1. The Complaint asserted two counts: negligence and loss of consortium. *See id.* On November 8, 2024, Walmart timely removed the action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. *See id.* Five days later, the parties jointly entered into a stipulation to amend the Complaint.[1] *See* ECF No. 6. On December 3, 2024, Walmart answered the Complaint and asserted eight (8) affirmative defenses, denying liability for the injuries alleged. *See* ECF No. 10.

Because this case was listed for compulsory arbitration, the Local Rules gave the parties "ninety (90) days from the date the answer was filed to complete discovery unless the judge to whom the case has been assigned orders a shorter or longer period for discovery." *See* E.D. Pa. Local Rule 53.2(4)(A).[2] Therefore, the discovery deadline was set as March 3, 2025. On March 11, 2025, at the joint request of the parties, this Court extended the discovery deadline and dispositive motions deadline until April 11, 2025. *See* ECF Nos. 15-16. On April 3, 2025, this Court granted another joint extension request, extending the discovery and dispositive motions deadlines to June 10, 2025. *See* ECF Nos. 18-19. The April 3rd Order warned: "[n]o further extensions will be granted." *See* ECF No. 19.

On June 10, 2025, Walmart filed a Motion for Summary Judgment, a Concise Statement of Material Facts in Support of the Motion for Summary Judgment on Behalf of Defendants, a Memorandum of Law, and supporting exhibits. *See* ECF No. 23. Walmart also submitted a separate, unopposed request that the Court authorize a defense medical examination of Mr. McEntire on June 29, 2025, notwithstanding the expiration of the discovery deadline. *See* ECF No. 25. Through an Order dated June 11, 2025, this Court approved Walmart's unopposed request to conduct an independent medical exam of Mr. McEntire after the discovery deadline but advised that all other deadlines remain in full force and effect. *See* ECF No. 26.

On June 30, 2025, after the McEntires failed to timely respond to the Motion for Summary Judgment,[3] this Court issued an Order directing them to file their opposition to Walmart's Motion for Summary Judgment and to respond to Walmart's Statement of Material Facts no later than July 2, 2025. *See* ECF No. 27. The Order warned the McEntires "that failure to timely respond will result in the facts being deemed admitted." *See id.* On July 2, 2025, the McEntires filed a bare-

---

[1] The stipulation (1) struck the phrase "Recklessness" from paragraph 14 and (2) eliminated subparagraph 14(f) in its entirety, without prejudice, from Plaintiff's Complaint.

[2] *See also* ECF No. 14 (Notice dated January 14, 2025, advising the parties: "Discovery must be completed within ninety (90) days of the date the answer was filed, unless otherwise ordered by the assigned judge.")

[3] *See* E.D. Pa. Local Rule 7.1 (providing that "any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief").

bones opposition,[4] which includes a request for additional time to complete discovery. *See* Opp., ECF No. 28. Walmart filed a reply brief in further support of its motion on July 3, 2025. *See* Reply, ECF No. 29.

SJ Opn. 2-3, ECF No. 31.  The Opinion denied the McEntires' request for additional time to conduct discovery, stating as follows:

> Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "[T]he Federal Rules provide a clear and necessary step for counsel seeking additional time for discovery: submission of an affidavit under Rule 56[d[5]] requesting such additional time." *Coleman v. City of Phila.*, 80 F. App'x 279, 282 (3d Cir. 2003). "Beyond the procedural requirement of filing an affidavit, Rule 56[d] also requires that a party indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." *Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir. 1989).
>
> In opposition to Walmart's Motion for Summary Judgment, the McEntires contend that the Motion is premature because they "cannot fully respond . . . without first deposing Walmarts [sic] corporate designees and employees" and "require additional time to obtain expert reports addressing these issues." *See* Opp. at 6. They did not, however, file an affidavit as required by Rule 56[d]. *See Radich*, 886 F.2d at 1394 (holding that counsel's unverified memorandum opposing the motion for summary judgment did not comply with the affidavit requirement in Rule 56(d)); *Dowling v. Philadelphia*, 855 F.2d 136, 140 (3d Cir. 1988) (finding that where the plaintiff "did not file a Rule 56[d] affidavit with her response to the [defendant's] motion for summary judgment, . . . as a procedural matter alone, she has failed to comply with the rule").
>
> Moreover, the suggestion by counsel for the McEntires that they have not had a reasonable opportunity to complete discovery is meritless. The Complaint was filed in state court on or about October 13, 2024, and removed to this Court on November 8, 2024. *See* ECF No. 1. Thus, at the time their opposition to the Motion for Summary Judgment was filed, the McEntires had had more than eight (8)

---

[4]  Despite warnings from this Court that "[a]ll facts set forth in the moving party's statement of undisputed facts shall be deemed admitted unless controverted," *see* https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/leepol.pdf at Policies and Procedures Section II(F)(9); ECF No. 27 (citing Fed. R. Civ. P. 56(e)(2)), the McEntires' opposition to the Motion for Summary Judgment made no mention of Walmart's Concise Statement of Material Facts or made any attempt to dispute any facts. *See generally* Opp.

[5]  Rule 56(d) was previously found at subdivision (f). "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." *See* Fed. R. Civ. R. 56, Notes to 2010 amendments.

3
101725

months to obtain a liability expert.[6] *See Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) (finding that summary judgment, which was entered nine months after the case was initiated, was not premature where the plaintiff failed to "affirmatively demonstrate[], with specificity, diligent efforts on his or her part and unusual circumstances which have frustrated" efforts to obtain an expert's report). On November 15, 2024, this Court issued an Order advising that "Discovery shall begin as soon as possible and shall not be delayed. . . ." *See* ECF No. 9 at ¶ 5(b). *See also Easley v. Reuberg*, No. 1:19-cv-00223, 2021 U.S. Dist. LEXIS 142280, at *1 (W.D. Pa. July 30, 2021) ("Litigants ignore the Court orders at their own peril."). This Court's Policies and Procedures further advise that "[r]equests for extensions of discovery deadlines are strongly discouraged and rarely granted." *See* Policies and Procedures Section II(C). Nevertheless, this Court granted two separate extensions amounting to more than ninety (90) days of additional time. Accordingly, the McEntires had twice the amount of time that is normally provided to complete discovery. *See* Policies and Procedures Section II(B)(2) ("In standard track cases, the Court may allow up to 90 days from the date of the initial pretrial conference to complete discovery.").

The McEntires have absolutely no excuse, nor do they proffer one, for not deposing Walmart's representatives following the filing of the Answer on December 3, 2024.[7] The parties' extension requests were not due to the McEntires' inability to engage in the discovery process or to any unwillingness on the part of Walmart to cooperate in discovery. *See* ECF Nos. 15, 18. Rather, the McEntires simply failed to diligently pursue discovery, which is not a basis for relief under Rule 56(d). *See N'Jie v. Mei Cheung*, 504 F. App'x 108, 111 (3d Cir. 2012) (affirming the district court's decision to deny the plaintiffs' Rule 56(d) motion where the plaintiffs could "attribute any missing discovery only to their own neglect" and had "not demonstrated explicitly or implicitly that more diligent discovery was impossible" (internal quotations omitted)); *Anderson v. Step by Step, Inc.*, No. 21-4260, 2022 U.S. Dist. LEXIS 65366, at *5-6 (E.D. Pa. Apr. 8, 2022) (denying the plaintiff's motion to reopen discovery in response to the motion for summary judgment because the fault for plaintiff's inability to properly oppose the motion "lies with no one other than Plaintiff's attorney . . . and his own procrastination"), *affirmed* 2023 U.S. App. LEXIS 10138 (3d Cir. Pa., Apr. 26, 2023).

Although several subpoenas to Mr. McEntire's medical providers remained outstanding as of April 3, 2025, which is why a second extension was granted, this discovery issue has no bearing on the ability of the McEntires to depose Walmart's corporate designee and employees, or on Walmart's liability, which is the subject of the Motion for Summary Judgment. *See Dowling*, 855 F.2d at 139-40 (holding

---

[6] The opposition was filed more than a month and a half ago. Thus, the times discussed herein are even longer.

[7] Walmart, opposing any request to reopen discovery, states: "Plaintiffs have not issued a single Notice of Deposition regarding Walmart's corporate designee or a Walmart employee to discuss its policies and procedures regarding the product displays; or even discussed dates for these crucial depositions." Memo 12, ECF No. 23-2.

> that a Rule 56(d) affidavit should "specify[], for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained"). At no point since the expiration of the discovery deadline on June 10, 2025, until their Court-ordered response in opposition to the Motion for Summary Judgment did the McEntires inform the Court that additional time was needed. Their attempt to avoid summary judgment as allegedly premature is baseless. Any delay to this straight-forward negligence action would prejudice Walmart and not be in the interests of justice.
> 
> The McEntires' requests to reopen and extend the time for discovery, and to deem the Motion for Summary Judgment premature are denied.

*Id.* at 3-6. The Opinion then discussed the evidence, which consisted of photographic evidence of the vacuum cleaner display and of Mr. McEntire's deposition testimony. *See id.* at 13-15. This Court, finding no genuine issue of material fact, concluded that the McEntires "failed to present evidence sufficient to establish that the vacuum cleaner display was arranged in a negligently hazardous manner or that the way the vacuum cleaner boxes were stacked caused Mr. McEntire's fall." *See id.* (citing cases). Summary judgment was granted in Walmart's favor, and the case was closed. *See* ECF Nos. 31-32.

On September 9, 2025, the McEntires, through counsel, filed a Motion for Relief pursuant to Rule 60(b)(1). *See* Mot./Mem., ECF No. 33. The Motion asks this Court to vacate its summary judgment decision and to schedule a status conference to discuss discovery and an extension of the timeline. *See id.* Counsel asserts that he still needs to conduct discovery into at least six (6) different areas. *See* Memo. 5. The Motion argues that the matter should be reopened based upon mistake and excusable neglect of counsel. *See id.* at 4. Implying that his behavior was a "technical error or slight mistake," counsel states that the delay was not the fault of the McEntires. *See id.* at 6 (quoting *Winbush v. Adaptive Behavioral Servs.*, No. 2:20-CV-806, 2021 U.S. Dist. LEXIS 86748, at *5 (W.D. Pa. May 6, 2021)). The Motion contends that there is no danger of prejudice to Walmart because Mr. McEntire's IME has been postponed until November 7, 2025, at which time the parties may be in a position to settle. *See id.*

Walmart filed a brief in opposition to the Motion for Relief. *See* Opp. Mot./Memo., ECF No. 34. Walmart asserts that despite counsel for the McEntires having had notice of the original ninety-day discovery deadline and of the extended deadlines, counsel never identified a liability expert or noticed any depositions of Walmart's corporate designee or employees. *See* Opp. Memo. 2. Walmart states that it, on the other hand, timely pursued discovery. *See id.* and Ex. A (emails dated January 23, 2025, March 24, 2024, and April 14, 2025, seeking discovery). Noting the largely[8] one-sided discovery efforts and prior discovery extensions, Walmart asserts that it would be prejudiced by the expenditure of additional legal fees if another period of discovery is afforded. *See* Opp. Mot. ¶¶ 10, 15.

In Reply, the McEntires argue that Walmart's added expense and delay are insufficient prejudice to deny the requested relief. *See* Reply 2, ECF No. 35. The Reply, stating that Mr. McEntire "alleges the videos and photograph produced by Walmart depicting the incident are not genuine," makes contradictory suggestions of "possible alteration" and of possible "mistake or sloppiness." *See id.* at 3.

### III.   LEGAL STANDARDS

#### A.   Motions for Reconsideration under Rule 59(e) - Review of Applicable Law

Rule 59(e) allows a litigant to file a motion to alter or amend a judgment within twenty-eight days from entry of the judgment. *See* Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of

---

[8] The McEntires served Interrogatories and Request for Production of Documents on February 3, 2025, which was one month before the initial discovery deadline. *See* Mot. ¶ 16.

the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through--rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted); *see also Banister v. Davis*, 590 U.S. 504, 508 (2020) (holding that "courts will not address new arguments or evidence that the moving party could have raised before the decision issued"). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

    **B.**  **Motions for Relief under Rule 60(b) - Review of Applicable Law**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "Mistakes" in Rule 60(b)(1) includes judicial errors of law. *See Kemp v. United States*, 596 U.S. 528, 539 (2022).

## IV. ANALYSIS

### A. The Motion is properly considered pursuant to Rule 59(e).

Although filed as a Motion for Relief pursuant to Rule 60(b), this Court considers whether the motion was more properly brought under Rule 59(e). *See Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984) (holding that it is "the function of the motion, not its caption" that controls). A "timely Rule 59(e) motion suspends the finality of the judgment by tolling the time for appeal," while a motion under "Rule 60(b) only comes into play after the time to appeal has expired and the judgment has become final." *Blystone v. Horn*, 664 F.3d 397, 413-14 (3d Cir. 2011). *See also Banister*, 590 U.S. at 520-21 (holding that a Rule 60(b) motion is "often distant in time and scope and always giving rise to a separate appeal, . . . [b]y contrast, a Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued decision to a [district] court's attention, before taking a single appeal"). Because the instant motion was filed sixteen (16) days after summary judgment was entered, the time for filing an appeal had not yet expired. *See* Fed. R. App. P. 4(a)(1) (providing thirty (30) days to file a notice of appeal). Accordingly, Rule 59(e) is the proper vehicle for the McEntires to seek reconsideration of the Court's decision granting summary judgment. *See Schock v. Baker*, 663 F. App'x 248, 252 (3d Cir. 2016) (determining that "Rule 59(e) [not Rule 60(b)] was the proper vehicle for [the plaintiffs'] post-judgment challenge to the District Court's summary judgment ruling"). Regardless, the motion lacks merit under both Rules.

**B.    Reconsideration under Rule 59(e) is denied because the McEntires have not shown an intervening change in the law, the availability of new evidence that was not available when summary judgment was granted, or the need to correct a clear error of law or to prevent manifest injustice.**

The McEntires do not contend that there has been an intervening change in the law or allege any new evidence that was not previously available. *See generally* ECF No. 33. Although the Motion discusses evidence that has not been obtained, the McEntires have not shown that the evidence was not available sooner.[9] *See Sherwin-Williams Co. v. PPG Indus.*, No. 17-1023, 2021 U.S. Dist. LEXIS 157188, at *11-12 (W.D. Pa. Aug. 20, 2021) (denying PPG's motion for reconsideration because it made no showing the evidence "did not exist or was previously unavailable during the original damages period[; i]nstead, PPG merely points to evidence it obtained or recently learned about after an adverse ruling"). Additionally, for the reasons discussed below, the McEntires have not established the need to correct a clear error of law or to prevent manifest injustice.

The McEntires suggest that this Court erred by not granting their request to delay a decision on the Motion for Summary Judgment and to reopen the time for discovery. *See* Memo. 4-6. Counsel for the McEntires acknowledges he did not submit the required affidavit in compliance with Rule 56(d). *See* Memo. 5. Although this would have been sufficient grounds to deny the request, *see Radich*, 886 F.2d at 1394; *Dowling*, 855 F.2d at 140, this Court did not deny the McEntires' request solely because of counsel's failure to file an affidavit as required by Rule 56(d), but also because "the suggestion by counsel for the McEntires that they have not had a reasonable opportunity to complete discovery is meritless," *see* Opn. 4. This Court determined that "[t]he parties' extension requests were not due to the McEntires' inability to engage in the

---

[9]    This evidence is discussed in this subsection and in the next subsection.

discovery process or to any unwillingness on the part of Walmart to cooperate in discovery. . . . Rather, the McEntires simply failed to diligently pursue discovery. . . ." *See id.* at 5.

In the pending Motion, counsel for the McEntires argues that he "provided this Court with a letter explaining the difficulties Plaintiffs were experiencing in defending against summary judgment and need for further discovery prior to [the] ruling." Memo. 5. However, counsel's letter was sent to chambers the afternoon of August 25, 2025, more than seven (7) weeks after his Rule 56(d) request was made and less than two (2) hours before this Court's Opinion was docketed. The letter did not explain "what material facts [counsel] hope[d] to uncover." *Radich*, 886 F.2d at 1393-94. Rather, it simply stated that on July 8, 2025, counsel sent "a second set of interrogatories and requests for production relating to the surveillance video produced by Defendant, along with a request for dates to conduct the depositions of the employees identified in Defendant's answers to interrogatories." *See* Letter, ECF No. 33-7.[10] This statement was insufficient to satisfy Rule 56(d) because it did not specify what information counsel sought related to the video or, more importantly, what information he expected to learn during the depositions that would support the claims or defeat summary judgment. *See Scott v. Graphic Communs. Int'l Union, Local 97-B*, 92 F. App'x 896, 900 (3d Cir. 2004) ("[W]here a party seeks to avoid the entry of summary judgment under Rule 56(f), he/she must move beyond mere generalities and specify what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."). The letter's assertion that "Plaintiffs need the requested discovery to effectively develop liability issues," *see*

---

[10] The letter also referenced Mr. McEntire's pending IME, which this Court had already ordered could be conducted after the discovery period expired. *See* ECF No. 26 (Order dated June 11, 2025). The pending IME was specifically mentioned in this Court's Opinion denying the Rule 56(d) motion and had/has no bearing on liability, which was the basis for the Motion for Summary Judgment. *See* Opn. 3, 6.

Letter, was also too vague to warrant additional time under Rule 56(d), *see Atl. Deli & Grocery v. United States*, No. 10-4363 (JBS/AMD), 2011 U.S. Dist. LEXIS 55395, at *8-9 (D.N.J. May 23, 2011) ("Vague or general statements of what a party hopes to gain through a delay for discovery under former Rule 56(f), now Rule 56(d), are insufficient. *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987)"). Accordingly, there was no error denying the Rule 56(d) request. *See Little v. Mottern*, No. 1:14-CV-00953, 2017 U.S. Dist. LEXIS 77477, at *5 (M.D. Pa. May 22, 2017) (concluding that the "denial of the Rule 56(d) motion was not in error and did not result in manifest injustice" where the plaintiff "failed to file an affidavit in accordance with Rule 56(d)" and "did not explain how [the requested] documents would support his claim").

Nothing in the motion for reconsideration changes this conclusion.[11] The employees whom counsel belatedly sought to depose were identified by Walmart four (4) months earlier, on March 7, 2025. They would have been identified even earlier had counsel for the McEntires not waited until less than a month before the initial discovery deadline to serve his first request for interrogatories and production of documents. Regardless, March 7, 2025, was more than three (3) months before the twice-extended discovery deadline, but counsel failed to notice any depositions. He did not explain his failure to do so in either the letter or in the pending motion for reconsideration. Accordingly, relief under Rule 56(d) was not warranted, *see Bennett v. Se. Pa. Transp. Auth.*, No. 24-1376, 2025 U.S. App. LEXIS 10362, at *12-13 (3d Cir. Apr. 30,

---

[11] The motion for reconsideration, like the letter, fails to allege that the depositions will support the claims or defeat summary judgment. *See* Memo. 5-6 (discussing "undeveloped issues in this case relating to Defendants' notice . . . *whether* they knew of such incidents at competitors' stores . . . *whether* there were similar incident(s) involving the employee(s) who stacked the vacuum cleaners at issue . . . and *whether* these policies and procedures were followed in the display of the subject vacuum cleaner" (emphasis added)).

11
101725

2025) (affirming the district court's denial of the plaintiff's Rule 56(d) motion for further discovery because the plaintiff "failed to explain her lack of diligence in pursuing discovery (internal quotations omitted)), neither is reconsideration, *see Continental Casualty Co.*, 884 F. Supp. at 943 (holding that "motions for reconsideration should be granted sparingly").

For the first time in his Motion for Relief, counsel asserts that he also needs to conduct discovery into the accuracy of photographic evidence produced by Walmart on March 7, 2025. However, "courts will not address new arguments or evidence [under Rule 59(e)] that the moving party could have raised before the decision issued." *See Banister*, 590 U.S. at 508. Moreover, counsel again fails to explain why he did not conduct said discovery earlier. Whether counsel failed to timely examine and discuss the photograph with his client or Mr. McEntire failed to inform counsel of the alleged alterations earlier is unknown. What is known is that the evidence was available to counsel more than three (3) months before the twice-extended discovery deadline expired and four (4) months before his late discovery request.

Contrary to counsel's suggestion, there is no manifest injustice simply because the McEntires will not have their day in court. *See Smith v. Oelenschlager*, 845 F.2d 1182, 1185 (3d Cir. 1988) ("It was hardly an abuse of discretion for the district court to have applied the terms of a valid local rule, even to an innocent party whose counsel made an honest mistake."). "Any other holding would undermine the power of the district courts to enforce their own local rules." *Id.* Counsel for the McEntires cannot ignore the Local Rules of Court,[12] this Court's Policies

---

[12] The Local Rules afforded ninety (90) days in the above-captioned action to conduct discovery, *see* E.D. Pa. Local Rule 53.2(4)(A), but counsel for the McEntires waited until less than a month before the discovery deadline to serve his first request for interrogatories and production of documents, knowing that the responses were not due until after the discovery period expired. *See* Fed. R. Civ. P. 33(b)(2). *See also* E.D. Pa. Local Rule 7.1 (providing fourteen (14) days to file a brief in opposition to a motion) and ECF No. 27 (Order extending the

and Procedures,[13] and court Orders,[14] then claim manifest injustice to avoid an unfavorable result. *See United States v. Eleven Vehicles*, 200 F.3d 203, 214 (3d Cir. 2000) (holding "that it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule").

Reconsideration under Rule 59(e) is therefore denied.

**C.     Relief under Rule 60(b)(1) is denied because the failure of counsel for the McEntires to engage in discovery and to abide by court-ordered deadlines was not a slight mistake, mere inadvertence, or excusable neglect.**

Counsel asserts that he still needs to conduct discovery regarding: (1) "issues in this case relating to Defendants' notice, both actual and constructive, of the dangerous condition which caused Harold Mcintire's [sic] injuries, including past similar incidents at Defendants' stores and whether they knew of such incidents at competitors' stores," (2) "training of Walmart employees concerning the layout and stacking of products similar in size and weight to the vacuum cleaners at issue," (3) "whether there were similar incident(s) involving the employee(s) who stacked the vacuum cleaners at issue," (4) "[p]olicies and procedures in effect at the time of the incident concerning the display of merchandise and whether these policies and procedures were followed

---

time for counsel for the McEntires to respond to Walmart's Motion for Summary Judgment after the opposition was not timely filed).

[13]     This Court's Policies and Procedures advise that "[r]equests for extensions of discovery deadlines are strongly discouraged and rarely granted." *See* Policies and Procedures Section II(C). Nevertheless, after two extensions, counsel for the McEntires continues to complain that he was not given another extension. *See also* Policies and Procedures Section II(F)(9) (warning that "[a]ll facts set forth in the moving party's statement of undisputed facts shall be deemed admitted unless controverted") and ECF No. 28 (McEntires' opposition to Walmart's Motion for Summary Judgment making no mention of Walmart's Concise Statement of Material Facts or disputing any fact).

[14]     *See, e.g.* ECF No. 19 (Order dated April 3, 2025, granting a second joint extension request, extending the discovery and dispositive motions deadlines to June 10, 2025, and warning that "[n]o further extensions will be granted"). *See also* ECF No. 27 (Order dated June 30, 2025, directing Plaintiffs to file a brief in opposition to the Motion for Summary Judgment and to respond to Defendants' Statement of Material Facts, after none was timely filed).

in the display of the subject vacuum cleaners," (5) "alternative methods by which Defendants could have displayed the merchandise in question," and (6) "potential alteration of the surveillance video and/or whether the depiction of the subject display in the photographs allegedly taken post-incident are true and correct representations."  Memo. 5-6.  All but the last areas of discovery were known to counsel at the time he initiated the underlying action in state court on October 13, 2024, and confirmed to be issues by the Answer filed in this court on December 3, 2024.  However, counsel admits that he did not serve his first request for interrogatories and production of documents until February 3, 2025, less than a month before the initial discovery deadline.  *See* Mot. ¶ 16.  Because the responding party is afforded thirty (30) days to respond to interrogatories, the responses were not due until after the initial discovery deadline would have expired, *see* Fed. R. Civ. P. 33(b)(2), establishing counsel's dilatoriness from the inception of this case.  Counsel does not explain why he failed to timely conduct written discovery into the first five (5) areas.  *See Koplove*, 795 F.2d at 18 (affirming summary judgment and rejection of the Rule 56(d) affidavit because "the case was nine months old and the . . . affidavit did not specify what discovery was needed or explain why it had not been previously secured").

It was in response to the February 3 production request that counsel for the McEntires received the video surveillance, which is the subject of his sixth area of still-requested discovery (regarding "potential alteration").  *See* ECF No. 33-10 (email dated March 3, 2025, providing the link to the surveillance video).  Although counsel had this video on March 3, 2025, received the first extension of the discovery deadline the following week and a second extension a month later warning that "[n]o further extensions will be granted," *see* ECF No. 19, counsel did not question, nor seek additional discovery into the authenticity of this evidence until July 8, 2025, a

month after the twice-extended discovery deadline expired. Because this video was in their possession for more than three (3) months before the discovery period expired, the failure of counsel to examine the video or to discuss it with his clients, and/or the failure of Mr. McEntire to bring the possible alteration issue to counsel does not establish good cause for an extension[15] or explain why the information was not previously obtained.[16] *See Koplove*, 795 F.2d at 18.

Counsel also failed to notice a single deposition of Walmart's employees or corporate designee throughout this litigation. *See* Memo 12, ECF No. 23-2. Counsel for the McEntires offers no explanation for his failure to conduct depositions. *See Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221-22 (3d Cir. 2014) (affirming summary judgment and the district court's denial of an extension of the discovery deadline because the plaintiff because the "record does not show why she should have been excused from being more diligent in securing [the] deposition" of the defendant's employee).

Instead, counsel unsuccessfully attempts to cast blame on everyone but himself. *See* Mot. ¶¶ 6-7, 9-12. Counsel blames his failure to conduct discovery on his client's ongoing medical treatment and surgery on May 28, 2025, *see id.* at ¶ 6, but there is no suggestion that prior to Mr. McEntire's surgery less than two weeks before the twice-extended discovery deadline, that he was unable to participate in the discovery process. In fact, Mr. McEntire was deposed by Walmart before the initial discovery deadline. *See* ECF No. 23-6. Counsel also blames

---

[15] "To obtain an extension of a discovery deadline, a movant must show 'good cause' under Fed. R. Civ. P. 16(b)(4), which includes both an explanation of why more time is needed and a showing that the movant diligently sought the discovery she now seeks to secure beyond the deadline." *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221-22 (3d Cir. 2014) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp*, 614 F.3d 57, 84 (3d Cir. 2010)).

[16] "Rule 56[d] also requires that a party indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." *Radich*, 886 F.2d at 1393-94.

opposing counsel for not responding to interrogatories and requests for production received approximately a month *after* discovery closed and a summary judgment motion had been filed. *See* Mot. ¶¶ 9-10.  Although Walmart did not respond to these very late requests, it actively engaged in discovery during the discovery period.  In addition to taking Mr. McEntire's deposition in March 2025, Walmart filed interrogatories and requests for production in early December 2024, responded to the McEntires' only timely request for interrogatories and production of documents, and repeatedly reached out to counsel for the McEntires about his past due discovery responses.  *See, e.g.* Opp. at Ex. A (emails dated January 23, 2025, March 24, 2024, and April 14, 2025, regarding the past due discovery).  Counsel for the McEntires also blames this Court for not granting his August 25 request for a status conference to discuss a discovery dispute where the discovery deadline had expired seventy-seven (77) days prior, and Walmart's Motion for Summary Judgment had been pending for the same amount of time. Counsel's letter was received by this Court less than two hours before the sixteen-page Opinion and Order, which was obviously drafted before the letter was sent, was docketed.  Regardless, for the reasons discussed herein, there was nothing in counsel's letter that caused this Court to rethink its decision.  Accordingly, counsel for the McEntires is the only one to blame for his failure to timely conduct discovery into all the areas of discovery that he still seeks.  Counsel's "deliberate actions couched in the form of inaction by not complying with Court-set deadlines, filing requirements, and common litigation tasks essential to resolving the matter," is not "excusable delay that was otherwise in line with any type of mistake, inadvertence, or surprise." *Dively v. Seven Springs Farm, Inc.*, No. 3:10-126, 2012 U.S. Dist. LEXIS 163014, at *8-9 (W.D. Pa. Nov. 15, 2012) (finding that "Plaintiffs' contentions as to why the Court's prior order should

be vacated do not meet the necessary requirements of finding some basis of relief under Rule 60(b)(1)").[17]

Furthermore, counsel's actions and inactions are not "excusable neglect" under Rule 60(b)(1). "The test for excusable neglect is equitable, and requires [the court] to weigh the totality of the circumstances." *Yan Qin v. State Farm Fire & Cas. Co.*, No. 23-2328, 2025 U.S. App. LEXIS 460, at *2 (3d Cir. Jan. 9, 2025) (internal quotations omitted). The court must "consider 1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Id.* For the reasons previously discussed, the delay was within the control of counsel for the McEntires. *See Dively*, 2012 U.S. Dist. LEXIS 163014, at *8-9 (denying the Rule 60(b)(1) motion because the "underlying inability to move litigation forward rests squarely on the shoulders of Plaintiffs' counsel, and is imputed to the Plaintiffs, who had made the conscious decision to retain their chosen counsel, and continued to retain him throughout. . . .").

In the absence of an explanation for his dilatoriness, this Court cannot conclude that counsel acted in good faith. There is, however, evidence of bad faith. Specifically, counsel's email dated June 10, 2025, stating to Walmart's counsel that instead of filing a summary judgment motion, "it would have been better to discuss extending the deadlines," *see* Resp. at

---

[17] Counsel cites to *Wimbush* for support, but that case is distinguishable. *See Winbush*, 2021 U.S. Dist. LEXIS 86748, at *6. The attorney's conduct, requesting dismissal of the case "with" prejudice instead of "without" prejudice, is the perfect example of a technical error or slight mistake. Counsel for the McEntires, however, did not mistakenly put the wrong word in a filing or even forget a single deadline. Rather, counsel deliberately chose over the course of this case to ignore discovery deadlines, Court orders, and the Local Rules, and to not timely engage in the discovery process.

Ex. A, shows that he flagrantly ignored this Court's warning two months earlier that "[n]o further extensions will be granted." *See* ECF No. 19.

Next, counsel's contention that there is no prejudice to Walmart "because the parties are awaiting the IME and could not yet resolve this matter by settlement agreement," *see* Mot. 19, is unpersuasive. The IME had/has no bearing on the liability issues that were the subject of the Motion for Summary Judgment. It is also less likely that Walmart will be inclined to settle a case that has been decided in its favor. However, reopening the case and requiring Walmart to incur additional costs to defend new allegations of falsifying evidence is likely prejudicial. *See Sosinavage v. Thomson*, No. 14-3292 (NLH-AMD), 2019 U.S. Dist. LEXIS 195757, at *11-12 (D.N.J. Nov. 12, 2019) (finding that the "Defendants have been prejudiced by requiring them to continue to expend resources litigating a case that has already been held frivolous," which "weighs against a finding of 'excusable neglect'").

Even if the prejudice factor is neutral, the length of the delay and its potential impact on judicial proceedings weighs against a finding of excusable neglect. The McEntires still "need" discovery into six separate areas, which would require both written discovery and numerous depositions. Not only do the McEntires ask that the fact discovery deadline be reopened and extended, but also that the expert discovery deadline be reopened and extended. The requested discovery extensions would be a matter of months, not days or even weeks. There would then be additional delay for a second round of dispositive motions practice. The litigation against Walmart has already been pending for more than a year. The delay would therefore be substantial and negatively impact judicial proceedings. This Court has already expended judicial resources into deciding, and granting, two discovery extensions, as well as ordering counsel for the McEntires to respond to the Motion for Summary Judgment. When the response was

eventually filed, and despite warnings from this Court, it made no mention of Walmart's Concise Statement of Material Facts.  This Court could have simply accepted all of Walmart's facts as undisputed, *see* Fed. R. Civ. P. 56(e)(2), but went out of its way to consider Mr. McEntire's entire deposition testimony to determine whether there was dispute of fact.  Despite all the opportunities afforded to the McEntires, counsel asks this Court to expend additional resources into this closed case and to essentially ignore the deadlines provided in the Local Rules, this Court's Policies and Procedures, and Orders in this action, which negatively impacts all judicial proceedings.  *See Allstate Ins. Co. v. Kelly*, No. 05-276J, 2006 U.S. Dist. LEXIS 27497, at *10 (W.D. Pa. Apr. 26, 2006) (denying the Rule 60(b)(1) motion because even though the potential impact on judicial proceedings was slight, "there is a negative impact in allowing parties to be severely delinquent in their filings with the Court as such behavior adversely affects the judicial goal of addressing motions and cases in a timely and efficient manner and, therefore, such failure to abide by filing deadlines causes judicial resources to be utilized in a less efficient manner").  After weighing all the factors, this Court finds that counsel's conduct is not excusable neglect.

Rule 60 provides "extraordinary relief [that] should be granted only where extraordinary justifying circumstances are present," which are not present here.  *See Bush v. Chotkowski*, No. 20-774, 2021 U.S. Dist. LEXIS 111157, at *2 (E.D. Pa. June 11, 2021) ("A party is not entitled to a do-over of her claims simply because she disagrees with the outcome.").  For all the reasons discussed herein, the Motion for Relief under Rule 60(b)(1) is denied.

## V.     CONCLUSION

The McEntire's Motion for Relief under Rule 60(b)(1) is more properly considered as one for reconsideration pursuant to Rule 59(e).  Regardless, the Motion lacks merit under either rule.  There was no error by this Court in not delaying a decision on the Motion for Summary

Judgment under Rule 56(d) because counsel failed to explain why he did not conduct discovery before the twice-extended discovery deadline expired.  Counsel's deliberate failure to timely engage in the discovery process was not the result of "mistake, inadvertence, surprise, or excusable neglect" to afford relief under Rule 60(b)(1).  The Motion is therefore denied.

    A separate Order follows.

                                        BY THE COURT:

                                      */s/ Joseph F. Leeson, Jr.*
                                      JOSEPH F. LEESON, JR.
                                      United States District Judge